IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK JACKSON,<br>    Plaintiff,<br><br>    v.<br><br>ROHM & HAAS COMPANY, et al.,<br><br>    Defendants. | Civil Action No. 05-4988 |

OPINION

Pollak, J.                                                                                                       April 12, 2006

On March 9, 2006, I issued an opinion and order granting defendants' motion for sanctions pursuant to Rule 11. That opinion contains a discussion of the history of this litigation, and that discussion is incorporated by reference here. Plaintiff has filed a motion for reconsideration of the March 9 decision. Most of the arguments offered by plaintiff in his motion are familiar, as they closely track the arguments made in opposition to the motion for sanctions. Such reargument does not provide a basis for granting a motion for reconsideration. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *Hemispherx Biopharma, Inc. v. Asensio*, 2000 WL 1052045 at *1 (E.D. Pa. July 17, 2000).

I will address those arguments that are new. One new argument is that the *Jackson*

*II* original complaint that was the subject of my March 9 opinion complied with Rule 8 and that I erred in holding the pleading to a higher standard.  Plaintiff correctly points out that Rule 8 does not require a plaintiff to plead all facts supporting his cause of action in detail; rather, the federal courts apply a liberal "notice pleading" standard.  However, plaintiff is incorrect in his assertion that the March 9 opinion somehow held his *Jackson II* original complaint to a higher pleading standard.  The difficulty identified in the March 9 opinion was not that plaintiff failed to plead in adequate detail the facts on which he based his claims.  The difficulty was that the facts plaintiff chose to plead, and on which he chose to base his claims, did not come close to supporting his claims.  The proposition that the facts plaintiff alleged provided adequate support for his legal contentions was so faulty a legal construct as to render plaintiff's pleading frivolous and unwarranted.  Rule 8 was not implicated in my March 9 opinion, and it does not provide a basis for reconsideration of that decision.

Plaintiff also argues that I invaded the province of a jury when I determined that the defendants' submission of allegedly false evidence in connection with *Jackson I* could not support a claim for obstruction of justice because defendants did not offer the evidence for its truth.  Plaintiff contends that defendants' purpose in offering the allegedly false evidence is a question of fact that can only be resolved by a jury.  The contention is wide of the mark.  Judges are often called upon to determine the purpose for which evidence is offered – for example, in order to decide whether an out-of-court statement is inadmissible

hearsay, a court must determine whether it is offered for its truth. This is not a question of fact to be submitted to a jury, but rather a question of law for the court. I resolved just such a legal question when, in my March 9 opinion, I found that defendants had done nothing improper by submitting evidence – evidence plaintiff claims to be false – only to show that the evidence had been considered by a state court in prior litigation.

Plaintiff points to his *Jackson II* amended complaint several times in his motion for reconsideration. It is not clear why he does so, as my March 9 opinion explained that only the original complaint was at issue for purposes of the sanctions motion – a determination that plaintiff does not dispute in his motion for reconsideration[1]. Argument based on the *Jackson II* amended complaint fails to provide any basis for reconsideration of the March 9 opinion.

Plaintiff also urges that the March 9 opinion's award of attorneys' fees to defendants is excessive. As plaintiff recognizes, the amount of the sanction is within the discretion of the court. Nothing in plaintiff's motion for reconsideration persuades me that the prescribed award is inappropriate.

---

[1] Plaintiff does assert that there is some tension between Rule 11 and Rule 15. He points out that, by filing a Rule 11 motion, a defendant can force a plaintiff to use his one opportunity to amend his complaint as of right sooner than he would otherwise be required to do so under Rule 15. Plaintiff is correct that Rule 11 and Rule 15 operate together to create such a possibility, but it is not clear what conclusion plaintiff would have this court draw from that fact. If plaintiff intends to suggest that there is something in Rule 15 that is inconsistent with Rule 11 – and that, accordingly, Rule 15 should trump Rule 11 such that a plaintiff may amend his complaint as of right without regard to Rule 11's 21-day safe harbor period and thereby avoid the Rule 11 consequences of his original pleading – he is mistaken. There is no inconsistency between the two rules that would compel a court to give effect to one and shunt the other aside.

For the foregoing reasons, plaintiff's motion for reconsideration will be denied.

An order effectuating this opinion is attached hereto.