IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK JACKSON,
                Plaintiff,

    v.

ROHM & HAAS COMPANY, et al.,

                Defendants.

Civil Action No. 05-4988

**MEMORANDUM / ORDER**

June 27, 2006

      On March 9, 2006, I issued an opinion and order granting defendants' motion for sanctions pursuant to Rule 11. Plaintiff filed a motion for reconsideration of that decision, and I denied that motion. Now before the court is "Defendants' Motion for Sanctions Pursuant to 28 U.S.C. § 1927" (Docket # 55), in which defendants ask this court to sanction plaintiff for filing the motion for reconsideration. I decline to do so.

      In order to impose sanctions under § 1927, a court must find that an attorney has "(1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002).

There is no evidence of bad faith or intentional misconduct in connection with the motion for reconsideration on which the instant sanctions motion is premised. As I stated in my March 9, 2006 opinion, I did not then perceive any willful misconduct by plaintiff's counsel, and I do not perceive any now. Defendants do not point to any evidence of intentional misconduct. Rather, defendants contend that plaintiff filed his motion for reconsideration in bad faith. Defendants urge that bad faith may be inferred when a party advances claims or arguments that are clearly meritless. However, I did not find the arguments advanced in plaintiff's motion for reconsideration to be so clearly meritless that an inference of bad faith could be justified. Though the motion contained some inappropriate reiteration of arguments that had been previously made, it also contained some new argument. For example, plaintiff offered colorable new arguments based on FED. R. CIV. P. 8 and 15 and on the appropriate role of the jury as support for his contention that my opinion contained manifest error. Although I rejected plaintiff's arguments, I do not think they fell outside the bounds of appropriate, zealous advocacy. I therefore do not find that plaintiff filed his motion for reconsideration in bad faith.

For the foregoing reasons, it is ORDERED that "Defendants' Motion for Sanctions Pursuant to 28 U.S.C. § 1927" (Docket # 55) is DENIED.

    BY THE COURT:

    /s/ Louis H. Pollak
    _____
    Pollak, J.