IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK JACKSON,<br>          Plaintiff,<br><br>    v.<br><br>ROHM & HAAS COMPANY, et al.,<br>          Defendants. | Civil Action No. 05-4988 |

**MEMORANDUM / ORDER**

    Presently before the court is the Liberty Life defendants' motion to amend the Memorandum/Order of September 13, 2007 to provide a certificate of appealability under 28 U.S.C. § 1292(b).  A § 1292(b) certificate is only appropriate if the district court's interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  Here, the Liberty Life defendants offer two such questions: (1) whether plaintiff Mark Jackson appropriately pleaded a RICO enterprise, and (2) whether reliance is an element of mail and wire fraud.  I address each in turn.

    As stated in my September 13, 2007, Memorandum/Order, I agree with the defendants that a RICO plaintiff must plead a RICO enterprise distinct from the RICO

defendants.  Mem./Order of Sept. 13, 2007, at 5–6.  But I concluded that Jackson had pleaded the existence of a distinct, joint enterprise whereby the defendants worked together to defraud him.  *Id.*  I recognize that defendants would read the complaint more narrowly, but I do not regard that as a sufficient reason for allowing an interlocutory appeal.

I also agree with defendants that there is a circuit split on whether reliance is a necessary element of mail and wire fraud.  *Id.* at 8–9.  But, as stated in my previous Memorandum/Order, because reliance is duly pleaded, resolving that issue at this stage—either by this court or on appeal—is unnecessary.  *Id.* at 9.

I further note that even if defendants were successful in having the RICO claims dismissed on appeal, doing so would not "materially advance the termination of the litigation," as the remaining ERISA counts likely require discovery, and may require a trial.  Defendants cite *Mitchell v. Eastman Kodak*, 113 F.3d 433, 440 (3d Cir. 1997), for the proposition that ERISA cases are generally decided on the administrative record.  But the *Mitchell* holding applies only to 29 U.S.C. § 1132(a)(1)(B) claims for denials of benefits, and thus is not applicable to (and does not limit discovery on) Jackson's two § 1132(a)(3) claims for breach of fiduciary duty.  Moreover, the *Mitchell* holding allows for discovery on some issues even in § 1132(a)(1)(B) cases.  *See Kosiba v. Merck & Co.*, 384 F.3d 58, 67 n.5 (3d Cir. 2004).  Thus, it would appear that this case will go to discovery irrespective of whether the RICO claims are dismissed.  Also, though it is true

that the RICO claims are subject to a jury trial, whereas the ERISA claims are not, the fact remains that this case may need a trial irrespective of whether the RICO claims are dismissed. Therefore, I conclude that allowing for an interlocutory appeal would further delay, not advance, the termination of this litigation.

* * * * *

AND NOW, this 4th day of October, 2007, for the foregoing reasons, it is hereby ORDERED that the Liberty Life defendants' motion for a certificate of appealability is DENIED.

BY THE COURT:

/s/ Louis H. Pollak

_____

Pollak, J.