IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK JACKSON,<br>           Plaintiff,<br><br>    v.<br><br>ROHM & HAAS COMPANY, et al.,<br>           Defendants. | Civil Action No. 05-4988 |

**MEMORANDUM / ORDER**

Presently before the court is Magistrate Judge M. Faith Angell's Report and Recommendation (Docket No. 144), in which she recommends that the court grant defendants' motions (Docket No.134 & 135) to enforce the court's prior orders (Docket Nos. 47 & 103) imposing sanctions on plaintiff for violation Rule 11.  She further recommends that the court deny plaintiff's motion to stay enforcement of the sanctions order (Docket No. 137).  Plaintiff has filed objections (Docket No. 148) to Judge Angell's Report and Recommendation.  For the reasons that follow, I will adopt Judge Angell's Report and Recommendation and dismiss plaintiff's objections thereto.

I.   Background

Because the parties are intimately familiar with the course of this litigation, I relate only those facts relevant to today's decision.  Plaintiff Mark Jackson initiated this lawsuit

by filing a complaint against various defendants on September 19, 2005. Defendants promptly moved that the complaint be dismissed, and that plaintiff be sanctioned for violating Rule 11 of the Federal Rules of Civil Procedure. On March 9, 2006, this court granted defendants' motion on the ground that many of plaintiffs' allegations were frivolous, particularly in light of the court's rejection of the very same arguments in dismissing plaintiff's previous action, *Jackson v. Rohm & Haas Co.* (*Jackson I*), Civ. No. 03-5299, 2005 WL 1592910 (E.D. Pa. Jun. 30, 2005), *aff'd* No. 06-1540, 2007 WL 579662 (3d Cir. Feb. 26, 2007). Opinion of March 9, 2006, Docket No. 47. This court ruled that sanctions would be allowed in the amount of 2/3 of defendants' reasonable expenses and attorneys' fees, and the matter was referred to Judge Angell to fix the amount. On January 19, 2007, Judge Angell awarded sanctions in the aggregate amount of $81,710.99 ($71,520.61 to go to Harkins Cunningham LLP, and $10,190.38 to go to Drinker Biddle & Reath LLP), and ordered plaintiff to pay the sanctions award within 60 days. Plaintiff did not file any objection to that order. Plaintiff, however, apparently ignored the order, as he has yet to pay the sanctions.

On October 9, 2007, defendants filed motions to enforce the sanctions order. Soon thereafter, plaintiff filed a motion to stay enforcement of the order. Judge Angell considered all of these motions, and, on December 6, 2007, filed a report and recommendation that the court grant defendants' motions to enforce, and deny plaintiff's motion to stay enforcement.

II.     Judge Angell's report and recommendation

Plaintiff made three principal arguments to Judge Angell: (1) that the sanctions order should not be enforced because of its interlocutory nature, (2) that the order was obtained by improper means, and (3) that plaintiff has come to possess new evidence that defendants perpetrated a fraud on the court in certain state-court litigation, as well as in *Jackson I*.

As to the first issue, Judge Angell noted that one of the primary purposes of Rule 11 sanctions is deterrence. R&R at 4 (citing *DiPaolo v. Moran*, 407 F.3d 140, 146 (3d Cir. 2005)). She concluded that "[a] delay in the execution of the sanctions order will decrease its deterrence value." *Id*.

Both of the other issues center on interview notes in defendant Rohm & Haas Co.'s possession that plaintiff alleges to be inauthentic. The core of plaintiff's argument is that defendants obtained favorable results in *Jackson I* and a related state-court case by relying on these inauthentic documents, and that the documents' lack of authenticity makes the sanctioned allegations in this case non-frivolous. Judge Angell concluded that this argument was "cumulative" and "untimely." *Id*.

III.    Analysis

Plaintiff objects to Judge Angell's order on the ground that defendants have taken inconsistent positions with regard to the authenticity of the interview notes. This issue has been litigated multiple times, yet plaintiff apparently still fails to understand that the

authenticity of the notes was irrelevant to the disposition in *Jackson I* because that case was dismissed for lack of RICO standing, an issue that has nothing to do with whether the interview notes were or were not genuine.  Therefore, as explained in this court's sanctions order, plaintiff's contention in this case that defendants obtained a favorable result in *Jackson I* by relying on those interview notes is frivolous, as the notes had nothing to do with this court's *Jackson I* decision.  Opinion of March 9, 2006, Docket No. 47, at 11 ("Never during the litigation of *Jackson I* did the Rohm & Haas defendants represent to the court that the document was authentic or ask this court to make any decision requiring that the authenticity of the disputed document be accepted.  The document was introduced to show it had been considered by the state courts, not to prove the truth of its contents.  The supposed fraud Jackson now alleges thus lacks the most fundamental elements of fraud: a representation that is false, and on which falsehood the person or institution to which the representation is made is asked to rely.").  That defendants now claim that the notes were authentic—in the context of claims that make the authenticity of the notes relevant—does not constitute any inconsistency on defendants' part.  Therefore, plaintiff's objections will be dismissed, and the report and recommendation adopted.[1]

---

[1] In his objections, plaintiff purports to incorporate by reference all other arguments made before Judge Angell.  This is impermissible.  Rule 72(b)(2) allows a party to file "specific written objections to the [magistrate judge's] proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  This court is under no obligation to respond to arguments made elsewhere and not specifically formulated to address the report and recommendation at issue.

Further, this court finds that the report and recommendation in fact dealt appropriately

As Judge Angell recommended, plaintiff will be given 30 days from the date of this order to pay the sanctions order in full. In addition, all activity in this case will be stayed pending plaintiff's payment of the sanctions order. During the pendency of the stay, the parties will engage in no discovery, and no motions practice. Should plaintiff fail to pay the sanctions order within 30 days, defendants may move for appropriate relief.

*   *   *   *   *

AND NOW, this 10th day of January, 2008, for the foregoing reasons, it is hereby ORDERED that:

1. the Report and Recommendation of Magistrate Judge M. Faith Angell (Docket No. 144) is ADOPTED, and plaintiff's objections thereto (Docket No. 148) are DISMISSED;

2. defendants' motions to enforce the sanctions order (Docket Nos. 134 & 135) of January 17, 2007, is GRANTED;

3. plaintiff's motion to stay enforcement of the sanctions order (Docket No.

---

with all other arguments plaintiff made before Judge Angell. As Judge Angell noted, the purpose of Rule 11 is to deter abusive behavior. If this court were to hold its sanctions order in abeyance pending the resolution of this litigation, as plaintiff requested, the goal of deterrence would be frustrated, as plaintiff would not suffer the immediate consequences of filing a largely frivolous complaint. Therefore, I agree with Judge Angell that the interlocutory nature of the sanctions order is not a sufficient reason to prevent its immediate enforcement; indeed, the very purpose of the order is to give plaintiff a potent incentive not to engage in any more abusive behavior. Plaintiff's penchant—as reflected in his filings on this motion—for making the same argument no matter how often this court rejects it only serves to strengthen the conclusion that an immediately enforceable sanction is required to deter abusive litigation practices.

The other argument plaintiff made before Judge Angell related to "new evidence" of defendants' alleged misconduct. That evidence centers on defendant Rohm and Haas Co.'s conduct in state-court litigation in producing the interview notes. Again, those notes were not relevant to the disposition of *Jackson I*, or to the sanctions order in this case. Therefore, plaintiff's "new evidence" has no bearing on whether the sanctions order should be enforced.

      137) is DENIED;

4.     plaintiff is ORDERED to pay the sanctions order in full within 30 days of this order; and

5.     all activity in this case is STAYED for 30 days, pending plaintiff's payment of the sanctions order.

                        BY THE COURT:

                        /s/ Louis H. Pollak
                        _____
                        Pollak, J.