

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA



MARK JACKSON,
    Plaintiff,

v.

ROHM & HAAS COMPANY, et al.,
    Defendants.

Civil Action No. 05-4988



## MEMORANDUM / ORDER

December 4, 2008                       Pollak, J.

Plaintiff Mark Jackson has submitted objections (Docket Nos. 215 and 216) to a scheduling order by Magistrate Judge Angell (Docket No. 204). I have reviewed the objections, and the response of the Rohm & Haas defendants (Docket No. 217).[1] While Jackson's Amended and Supplemental Objections (Docket No. 216) contain a range of detailed arguments and allegations on a variety of issues, I will decide, in this memorandum/order, only whether to grant the relief requested regarding the contested scheduling order.

## I. Background

---

[1] A large group of defendants in this consolidated action refer to themselves in their submissions as the "Rohm & Haas defendants," even though they comprise an array of individuals and entities. There is another group of defendants who did not respond to Jackson's objections on the issue of the December 5, 2008 hearing.

1.

On October 7, 2008, Judge Angell scheduled a hearing for December 5, 2008 for the parties in this case to argue the following motions – plaintiff's motion for a preliminary injunction and defendants' motions to dismiss plaintiff's consolidated amended complaint ("CAC"). In a subsequent hearing before me, requested by Jackson, counsel for the plaintiff stated that he sought swift disposition of the injunction motion and preferred not to wait until after a December hearing.

On November 6, 2008, Judge Angell ordered a change in the December 5 hearing, a change responsive to the request of plaintiff's counsel for a swift ruling on the request for injunction. She stated that she would decide the injunction motion without further argument and prior to December 5, 2008.[2] She further directed that the parties need only prepare to argue the motions to dismiss at the December 5 hearing. Jackson objects to this order and requests that I order instead that no hearing should convene. Amend. Obj. at 13. He further requests that the pending motions to dismiss "be decided forthwith." *Id.*

## II. Analysis

Hearings during motions practice in the United States District Court for the Eastern District of Pennsylvania are governed by Local Rule 7.1(f). The rule states the following:

> Any interested party may request oral argument on a motion. The Court may require oral argument, whether or not requested by a party. The Court may dispose of a motion without oral argument.

---

[2] Judge Angell subsequently issued her Report & Recommendation, denying plaintiff's request for injunction, on November 17, 2008.

2.

Accordingly, the judge deciding a motion has discretion to decide whether oral arguments are warranted. Comment 5 of Rule 7.1 suggests, among other things, that oral arguments are warranted where they would "significantly aid the Court."

Jackson states that neither he nor the defendants requested arguments on the motions to dismiss. Amend. Obj. at 1. He asserts that arguments are unnecessary because "the claims set forth in the Consolidated Amended Complaint ('CAC') are substantially uncontested" and because all the claims contained in the CAC have undergone previous motions practice in earlier iterations of the complaints. *Id.* at 2. He further contends, among other things,[3] that the December 5, 2008 hearing merely delays the progress of the lawsuit and Jackson's access to requested remedies. *Id.* at 8-9.

The Rohm & Haas defendants have responded to plaintiff's objections. They "defer to the Court as to whether it believes oral arguments would be helpful...." Defs. Resp. (Docket No. 217) at 2. They have requested that, if argument on the motions to dismiss is not held, they be permitted to file a reply brief for their motion to dismiss in order to address contentions raised by Jackson in his response to that submission. *Id.*

I find that Judge Angell's November 6, 2008 order was proper. It was well within her discretion under Local Rule 7.1(f) to order oral arguments on the motions to dismiss. I have reviewed Jackson's CAC, the motions to dismiss, and Jackson's responses to them.

---

[3] Again, I would like to make clear that plaintiff's submissions include a number of allegations that are better addressed in subsequent decisions. For example, his allegations that the November 6 order is part of a pattern of conduct indicative of bias on the part of Judge Angell are better resolved as part of plaintiff's motion to vacate the reference of the case to Judge Angell. Decisions on that motion and other objections will follow shortly.

Given the complexity of the CAC and the importance of the motions to dismiss, it is incontestable that Judge Angell could reasonably conclude that oral arguments may be helpful to her in ruling on the motions. Further, I do not find plaintiff's assertions that the CAC is "substantially uncontested" or that the claims in the CAC have been subject to previous motions practice to be particularly accurate assessments of the state of this lawsuit or persuasive arguments in support of his request here.

### III. Conclusion

AND NOW, for the reasons stated above, it is hereby ORDERED that Plaintiff's objections (Docket Nos. 215 and 216) to the Order of November 6, 2008 (Docket No. 204) are OVERRULED and Magistrate Judge Angell's order of November 6, 2008 is CONFIRMED.

BY THE COURT:

_____
Pollak, J.

ENTERED

DEC 0 5 2008

CLERK OF COURT

4.