IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK JACKSON,<br>    Plaintiff,<br><br>  v.<br><br>ROHM & HAAS COMPANY, et al.,<br>    Defendants. | Civil Action No. 05-4988 |

OPINION

March 19, 2009                                      Pollak, J.

  On December 16, 2008, Magistrate Judge M. Faith Angell filed a Report and Recommendation (Docket No. 230) that concluded that the court should grant the defendants' motions to dismiss plaintiff Mark Jackson's complaint (Docket Nos. 170, 171). Judge Angell recommended dismissal with prejudice as a sanction for, *inter alia*, Jackson's continuing failure to file a properly-pleaded complaint and his chronic obstinacy regarding the court's orders and decisions. Jackson has submitted his objections (Docket No. 234) and defendants have filed responses (Docket Nos. 235, 236). Jackson then, with leave of the court, has submitted a reply to the responses (Docket No. 242), and the defendants have, with leave, filed a sur-reply (Docket No. 243). As I will adopt the factual conclusions and virtually all the legal analysis of the Report and

1.

Recommendation, I will forego an additional recitation of the facts.

I.     **Analysis**

I agree with Judge Angell's careful and thorough assessment of the Consolidated Amended Complaint in this suit, and I find much in the CAC to warrant application of the sanction limned by *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). Viewed in the light of the history of this litigation and the decisions of this court, the CAC seems a model of obstructive and contumacious posturing. I do not consider most of the efforts by Jackson's counsel to be appropriate advocacy within the rules; instead, I agree with Judge Angell that they represent recurring obduracy of the kind that warrants sanction under *Poulis*.

Even so, application of the full *Poulis* sanction to Jackson's consolidated lawsuit gives me pause. Judge Angell, in balancing the six *Poulis* factors, acknowledges that it is conceivable that "some of Plaintiff's claims may have merit." R & R at 17. Dismissal under *Poulis* is not an 'all or nothing' proposition for a civil lawsuit. So long as the district court conducts a proper balancing of the factors, the "extreme sanction" of *Poulis* can be flexibly applied to a variety of circumstances. *Anchorage Assocs. v. V.I. Bd. Of Tax Review*, 922 F.2d 168, 177 (3d Cir. 1990). A court can apply the dismissal sanction to individual claims or defenses. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990). Further, it is prudent for a court considering a dismissal that would serve as a final adjudication to resolve doubts in favor of reaching a decision on the merits. *Adams v.*

*Trs. of New Jersey Brewery Employees Pension Trust Fund*, 29 F.3d 863, 870 (3d Cir. 1994). Accordingly, while I agree with Judge Angell's balancing of the *Poulis* factors as regards the CAC *in toto*, I have the discretion to levy the *Poulis* sanction against all or just some of Jackson's claims. In cautious exercise of that discretion, and in light of the conclusion (which Judge Angell and I share) that it is possible that certain of Jackson's claims may not be wholly meritless, I will dismiss most of the claims while allowing a small group to survive.

The RICO claims (Counts I - XI of the CAC) will be dismissed. The worst pleading abuses in these consolidated cases all arise from these claims. Counts XX - XXV of the CAC, which are state law claims, will also be dismissed because, as a group, they reflect clear disregard for the past directives of this court, and they are substantively interconnected with the RICO claims and undermined by the same kinds of pleading flaws.

The ERISA claims (Counts XII - XV of the CAC) are troublesome for a number of reasons. In the last round of motions to dismiss before these two cases were consolidated, some ERISA claims were dismissed and some survived from each of the two suits — but they appear conflated in the CAC. In addition, Counts XIII and XIV contravene, at least in part, this court's earlier orders.[1] Lastly, Jackson recites more than once that ERISA no

---

[1] In my Memorandum/Order of Sept. 12, 2007 (Docket No. 125 in 05-cv-4988) at 12 - 13, I made clear that these claims — brought under 29 U.S.C. §§ 1132(a)(3), 1105 — could survive, but only because Jackson sought equitable relief under them. His demands

longer applies to this lawsuit,[2] and yet he has pleaded claims under the Act. In light of this, I will dismiss all of plaintiff's ERISA claims.

The four claims against Rohm & Haas that sound in the ADA and PHRA (Counts XVI - XIX of the CAC) survive dismissal. They appear to retain some assertable pertinence even after the excision of allegations and assertions that supported all the dismissed claims. Moreover, they do not evince the patent pleading deficiencies or the disregard for the past orders of this court that support *Poulis* dismissal of most of the CAC. The PHRA claims (Counts XVII and XIX) will be dismissed, however, as to the

---

for damages under the claims were dismissed. *Id*. In the CAC, Jackson again seeks monetary damages under these claims, in addition to all other available remedies. In his objections, Jackson states that he pleaded monetary damages "in the alternative." I am not persuaded that this cures the contravention of earlier orders.

[2] Two such recitals are as follows:

... the rights and remedies prescribed by ERISA, which ordinarily are exclusive in nature, are not applicable and/or not the exclusive rights and remedies available to plaintiff and others eligible for disability benefits.... Since at least 2002-present, both Rohm and Haas and Liberty Life have intentionally misrepresented to numerous employees, plan participants and others, that the Rohm and Haas Company's disability plan is a welfare plan within the meaning of ERISA when they know that the plan is not an ERISA-governed plan ...

CAC ¶ 236, 239.

As set forth at length in the CAC, the 2003 Summary Plans Description ("SPD") states that the R&H disability plan is funded from the "general assets" of the corporation. *See CAC at* ¶236. Such a practice removes the disability plan from the coverage of the ERISA statute.

Pl.'s Obj. at 31.

individual defendants named in the CAC because Jackson has not pleaded any factual scenario that raises such claims above a speculative level for these persons.  "While a complaint ... does not need detailed factual allegations ... a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ...." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

In light of the fact that I will adopt, in greater part, Judge Angell's Report & Recommendation and dismiss twenty-one of the plaintiff's twenty-five claims with prejudice, Jackson once again will have to file a corrected complaint.  He will be required to limit his efforts to (1) the four claims that have survived this round of motions to dismiss and (2) the relevant facts that, in good faith compliance with *Twombly*, 127 S. Ct. at 1964-65, are, so the pleader contends, supportive of those claims.

**II.**     **Conclusion**

For the reasons stated above, I will adopt Magistrate Judge Angell's Report and Recommendation in large part.  An appropriate order follows.