IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK JACKSON | : | CIVIL ACTION |
| v. | : | |
| ROHM & HAAS COMPANY, et al. | : | NO. 05-4988 |

## REPORT AND RECOMMENDATION

M. FAITH ANGELL                                                                              January 20, 2011
UNITED STATES MAGISTRATE JUDGE

On January 7, 2011, the Honorable Louis H. Pollak referred to me, for Report and Recommendation, the Motion of Lori Hamlin and Nancy Mayo for an Injunction and/or to Hold Mark Jackson in Contempt.[1]  *See* Docket Entry No. 263.  Presently before me is the above-mentioned motion and Plaintiffs Amended Response in Opposition.  For the reasons stated below, it is recommended that the motion be denied.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

As stated by the Third Circuit Court of Appeals,

> This case's lengthy history begins in state court.  In 1999, Jackson filed an invasion of privacy suit against his employer, Rohm and Haas Company ("Rohm and Haas"), in the Pennsylvania Court of Common Pleas of Philadelphia County.  The ultimate outcome was not favorable to Jackson:  although the jury awarded Jackson $150,000 in damages, the trial court granted Rohm and Haas' motion for judgment notwithstanding the verdict based on its determination that the Pennsylvania Workers' Compensation Act barred Jackson's privacy claim.
>
> On September 19, 2003, shortly after the Pennsylvania

---

[1]Hereinafter "Motion".

Superior Court affirmed the trial court's decision, Jackson filed suit against Rohm and Haas and its attorneys in federal court, asserting violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) and related common law claims based on the defendants' alleged misconduct during the state court proceedings ("*Jackson I*"). Finding that Jackson lacked standing to bring the RICO claim, the District Court dismissed the complaint on June 30, 2005.

On September 19, 2005, Jackson filed a second complaint ("*Jackson II*") against a longer list of defendants, including Harkins Cunningham LLP ("Harkins"), the law firm that represented Rohm and Haas in *Jackson I*, and Liberty Life Assurance Company of Boston ("Liberty Life"), which allegedly suspended Jackson's disability benefits during his state and federal litigation in order to harass and intimidate him. The defendants responded with a Rule 11 motion for sanctions. On March 9, 2006, 2006 WL 680933, the District Court determined that the *Jackson II* complaint was "unwarranted and frivolous within the meaning of Rule 11(b)(2)" and sanctioned Jackson in the amount of two-thirds of the expenses and attorney's fees reasonably incurred by the defendants in preparing the Rule 11 motion and related motions to dismiss. (App. at 123, 132.) Magistrate Judge Angell calculated the amount to be $81,710.99, and the District Court adopted the sum.

Jackson proceeded to file a third federal complaint ("*Jackson [III]*"), and, on April 21, 2008, the District Court referred the protracted litigation to Judge Angell. Judge Angell required the represented parties to attend, with counsel, a hearing held on May 22, 2008. At the hearing, Judge Angell expressed concerns regarding Jackson's counsel's litigation tactics and ordered Jackson to consolidate his second and third federal lawsuits into a single Consolidated Amended Complaint ("CAC") that would allege only those claims for which Jackson had a good faith basis. Although Judge Angell did not put a page limit on the CAC, she did caution, "I would hesitate if I saw a consolidated document that was a hundred pages or more." (*Id.* at 1240.)

On June 11, 2008, Jackson filed the CAC - it was 152 pages long and asserted 25 counts against 51 defendants, 25 of whom were "John Does." The defendants filed a motion to dismiss the CAC with prejudice, and Judge Angell issued an R & R recommending that the motion be granted. Judge Angell found that the CAC's length, its failure to make allegations against specific defendants, and its

"inflammatory and unwarranted conclusory allegations" violated Federal Rule of Civil Procedure 8 and, by thwarting her prior orders, also Rule 41(b). (*Id.* at 135.) Applying our decision in *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863, 868 (3d Cir. 1984), Judge Angell concluded that at least five of the six Poulis factors weighed in favor of dismissal: (1) Jackson's presence at the May 22, 2008 hearing made him personally responsible for the CAC (App. at 146); (2) the defendants were prejudiced by having to answer ten complaints with claims that were frivolous and broad in scope (*id.* at 147); (3) Jackson's "pattern of continued failure to file a proper complaint" created a history of dilatoriness (*id.* at 148-49); (4) Jackson's refusal to file a proper CAC as directed "can only be viewed as willful or in bad faith" (*id.* at 149); and (5) "no alternative sanctions ... will be effective" in light of the fact that the previous $80,000 fine was unsuccessful (*id.*). On March 19, 2009, 2009 WL 773936, the District Court adopted only part of the R & R; the Court dismissed with prejudice 21 of the 25 claims in the CAC but, applying the sixth *Poulis* factor, allowed those few claims that the Court viewed as having colorable merit. (*Id.* at 73-74.)

Finally, Jackson filed three additional motions in the District Court that are relevant to this appeal. First, prior to filing the CAC, Jackson filed a motion to disqualify Harkins. Judge Angell denied the motion, and the District Court confirmed the denial on March 20, 2009, 2009 WL 948741. Second, after filing the CAC, Jackson filed a motion for a preliminary injunction to enjoin both the merger between Rohm and Haas and The Dow Chemical Company, and the acquisition of Liberty Life by Safeco Insurance Company. The District Court adopted Judge Angell's R & R and denied Jackson's motion on March 20, 2009. Lastly, Jackson filed a motion to vacate the reference to Judge Angell pursuant to 28 U.S.C. §636(c)(4), alleging bias. On March 19, 2009, the District Court denied the motion: "[T]he record demonstrates not that Judge Angell has failed to conduct the extended and elaborate proceedings capably, but, rather, that the plaintiff, through his counsel, has handled his role in the proceedings in a continuously counterproductive manner. Judge Angell has fulfilled her responsibilities impeccably." (*Id.* at 69.)

*Jackson v. Rohm & Haas Company, et al.,* 2010 WL 601350 *344-345 (3d Cir. February 22, 2010).

Mr. Jackson voluntarily dismissed the remaining counts of his consolidated amended complaint on March 23, 2009. *See* Docket Entries No.252, 253. On March 24, 2009, Mr. Jackson filed a Notice

3

of Appeal; thereby, removing this matter from this Court's docket and jurisdiction. *See* Docket Entry No. 254. On February 22, 2010, the Court of Appeals affirmed the District Court's findings. *Id.* at \*\*6. Ultimately, Mr. Jackson filed a petition for writ of *certiorari* with the Supreme Court of the United States. On October 4, 2010, his petition was denied. *Jackson v. Rohm & Haas Company, et al.*, 131 S. Ct. 206 (2010).

On November 2, 2010, Mr. Jackson filed yet another federal RICO lawsuit; however, this time he sued in the United States District Court for the District of Delaware - *Jackson v. The Dow Chemical Company, et al.*, CA No. 10-938. *See* Motion, Exhibit B. Included in his eighteen defendants, plus fifteen "John Does", are Movants Lori Hamlin and Nancy Mayo. The "Factual Allegations" in this Complaint include the following topics:

> 1) The Original State Court Case
> 2) The First Federal Case (*Jackson I*)
> 3) The November 2004 Termination of Plaintiff's Benefits
> 4) The Second Federal Case (*Jackson II*)
> 5) The Report to the Justice Department, Plaintiff's Release to Return to Work, and the Termination of Plaintiff's Employment and Related Benefits
> 6) The Third Federal Case (*Jackson III*)
> 7) Events occurring Subsequent to the Filing of the Original *Jackson III* Complaint
> 8) The Decisions on Defendants' Dispositive Motions and the Termination of Plaintiff's COBRA Benefits
> 9) Defendants' Answers to the *Jackson I-III* Complaints
> 10) The Greenetz Affidavit, the 'Discovery' of the 'Original' Notes, and Greenetz' Answer to the *Jackson I* Complaint
> 11) There was Intentional Interference with, and repeated Failure and Refusal to Provide, Handwriting Exemplars and/or Proper Normal Course Writings for Royce Warrick, Esquire
> 12) The Greenetz Deposition/Exemplar
> 13) The Order of December 4, 2007, the Warrick Exemplar, and Defendants' Production of Normal Course Writings
> 14) The Hearing of January 8, 2008
> 15) The Order of March 13, 2008 and the Failure to Produce the ASO

Agreements between Rohm and Haas Company and Liberty Life Assurance Company of Boston
16) The Rohm and Haas Long-Term Disability (LTD) Plan is funded from the General Assets of the corporation and therefore is not an ERISA Governed Plan
17) Rohm and Haas Company's Filings with the U.S. Securities and Exchange Commission (SEC) have been a part of, and facilitated, the Longstanding Pattern of Fraud and Litigation Misconduct
18) Liberty Mutual concealed the Jackson Cases from Regulatory Authorities during its Acquisitions of Ohio Casualty Corporation and Safeco
19) Dismissal of the 21 of 25 Claims in the CAC as a Pleading Violation and Dismissal of the Motion for Preliminary Injunction as Moot
20) Dow's Intentional Misdirection of Plaintiff's Notice of the Class Action Settlement Agreement in the Matter of Williams v. R&H Pension Plan
21) Dow assumed the Role of R&H in the R&H/Liberty Mutual Joint Enterprise after the Close of the Merger.

*Id.* The Delaware Complaint consists of the following counts:

> Count 1 - Racketeer Influenced and Corrupt Organizations Act; Mail/Wire Fraud
> Count 2 - Racketeer Influenced and Corrupt Organizations Act, Obstruction of Justice - 18 U.S.C. §1503 (catch all provision)
> Count 3 - Racketeer Influenced and Corrupt Organizations Act, Obstruction of Justice - 18 U.S.C. §1512(b)(1)
> Count 4 - Racketeer Influenced and Corrupt Organizations Act, Obstruction of Justice - 18 U.S.C. §1512(b)(2)
> Count 5 - Racketeer Influenced and Corrupt Organizations Act, Obstruction of Justice - 18 U.S.C. §1512(b)(3)
> Count 6 - Racketeer Influenced and Corrupt Organizations Act, Obstruction of Justice - 18 U.S.C. §1512©
> Count 7 - Racketeer Influenced and Corrupt Organizations Act, Obstruction of Justice - 18 U.S.C. §1512(k)
> Count 8 - Racketeer Influenced and Corrupt Organizations Act, Obstruction of Justice - 18 U.S.C. §1513(e)
> Count 9 - Racketeer Influenced and Corrupt Organizations Act, Obstruction of Justice - 18 U.S.C. §1513(f)
> Count 10 - Racketeer Influenced and Corrupt Organizations Act, Conspiracy - 18 U.S.C. §1962(d)
> Count 11 - Racketeer Influenced and Corrupt Organizations under the

      State of Indiana's RICO Statute, Indiana Code Ann. §35-45-6-2
      Count 12 - Americans with Disabilities Act
      Count 13 - Americans with Disabilities Act, Retaliation
      Count 14 - Abuse of Process
      Count 15 - Fraud
      Count 16 - Wrongful Discharge
      Count 17 - Negligent Misrepresentation
      Count 18 - Intentional Infliction of Emotional Distress
      Count 19 - Negligent Infliction of Emotional Distress

*Id.* All of the defendants in the Delaware matter have moved to transfer that case to this Court. Only Ms. Hamlin and Ms. Mayo move for an injunction.

## II. DISCUSSION

Ms. Hamlin and Ms. Mayo assert that this Court should enjoin Mr. Jackson from prosecuting the Delaware action under the All Writs Act and also because the filing of the Delaware action constitutes a contempt of this Court's previous orders. *See* Motion at 11.

### A. All Writ's Act

The All Writs Act, 28 U.S.C. §1651(a), provides that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

*In re Grand Jury Proceedings*, 654 F.2d 268, 275 (3d Cir. 1981) (internal quotations omitted). "The All Writs Act confers on courts extraordinary powers that are firmly circumscribed." *Grider v. Keystone Health Plan Central, Inc., et al.*, 500 F.3d 322, 328 (3d Cir. 2007). "The Act . . . does not vest plenary power in the federal courts. Rather, it provides them with the procedural tools necessary to exercise their limited jurisdiction. The language of the Act suggests two fundamental limitations on its scope: the purpose of an order issued pursuant to the Act must be to aid the court in the exercise of its jurisdiction, and the means selected must be comparable to a common law writ." *In*

*re Grand Jury Proceedings*, 654 F.2d at 275-276 (3d Cir. 2007).

> The broad authority that the Act invests in the federal courts to utilize traditional equitable tools is not unlimited. The Act does not create subject matter jurisdiction for courts where such jurisdiction would otherwise be lacking. . . . Instead, the Act provides courts with a procedural tool to enforce jurisdiction they have already derived from another source. . . . It is settled that ... the All Writs Act, by itself, creates no jurisdiction in the district courts. It empowers them only to issue writs in aid of jurisdiction ... acquired on some other independent ground.

*Burr & Forman, et al. v. Blair, et al.*, 47 F.3d 1019, 1027 (11th Cir., 2006) (internal quotations and citations omitted). Usually, the All Writs Act has been used by federal courts to enjoin actions by state courts that threaten the federal court's jurisdiction. *See Grider,* 500 F.3d at 328 (3d Cir. 2007). "The All Writs Act empowers a federal court to enjoin a party before it from attempting to relitigate an issue in a state court to prevent any interference with the federal court's judgment." *A. J. Foyt, Jr., et al. v. Championship Auto Racing Teams, Inc.,* 947 F.Supp. 290, 294 (S.D.Texas, 1996). Nonetheless, "[d]istrict courts have discretion to enjoin the filing of related lawsuits in other U. S. district courts". *Municipal Energy Agency of Mississippi v. Big Rivers Electric Corporation*, 804 F.2d 338, 343 (5th Cir., 1986). "However, such injunctions are extreme remedies that should be narrowly tailored and sparingly used." *Butera, Beausang, Cohen & Brennan, P.C. v. Ryan*, 2000WL 1824171 *3 (E.D.Pa. December 11, 2000).

There is "general judicial reluctance to enjoin a party from proceeding with a suit in another district or state in the absence of specific conditions that do not apply here".[2] *Transcore, LP v. Mark*

---

[2] As the Honorable Gene E. K. Pratter opined:

> In *Cenergy Corporation v. Bryson Oil & Gas P.L.C.,* 657 F.Supp. 867 (D. Nev. 1987), the court surveyed various district court and circuit court decisions and set forth a useful framework for analyzing a request to restrain proceedings in another federal district:

*IV Industries Corp.*, 2009 WL 3365870 (E.D. Pa., October 15, 2009). The Act is generally used to prohibit activities in another court that threaten to undermine a pending settlement in the enjoining court. *See Grider,* 500 F.3d at 330 (3d Cir. 2007).

There is no pending settlement in this Court concerning this matter; in fact, there is no controversy before the Eastern District of Pennsylvania concerning Mr. Jackson at all. The majority of the claims raised in this Court by Mr. Jackson were dismissed with prejudice by the Honorable Louis H. Pollak pursuant to Opinion and Order dated March 19, 2009. *See* Docket Entry No. 247. The remainder of the claims were voluntarily dismissed by Mr. Jackson on March 23, 2009. *See* Docket Entries No. 252, 253. Upon leaving the jurisdiction of this Court, Mr. Jackson proceeded to the Third Circuit Court of Appeals then to the Supreme Court of the United States, both of which resolved the issues before them. Mr. Jackson has filed his most recent complaint in the District of Delaware, which will provide him with an adequate remedy at law of his claims raised there. The Writ is not indispensable to the resolution of Mr. Jackson's claims by the District of Delaware. This is a case in which a plaintiff has decided to pursue his interests in a particular court; it is not a case that will interfere with the Eastern District of Pennsylvania's "own path to judgment". *Grider,* 500 F.3d at 333 (3d Cir. 2007). There is no interference with the judgment of this court, nor is its jurisdiction threatened. Furthermore, the framework described by Judge Pratter (*see* Footnote 2) has

---

> First, the court issuing the restraining order or injunction must be the court in which the action is first filed. That is, only the court which has initial jurisdiction over the parties and the subject matter has the power to enjoin subsequent lawsuits. In addition, the parties and the causes of action in the subsequent lawsuit must be identical to those in the initial suit for the injunction to issue. Finally, the party seeking the injunction must ask the second court to stay its prosecution in view of the first action before injunctive relief is appropriate. Only after the stay is sought and denied by the second court may a party then approach the first court for the injunction.

*Transcore, L.P. v. Mark IV Industries Corp.*, 2009 WL 3365870 *8 (E.D.Pa. October 15, 2009).

not been followed. It is true that Mr. Jackson first presented his claims to our court. Though admittedly several of the claims in the District of Delaware action refer back to those claims, the causes of action are not identical. There is no indication that the District of Delaware has been asked to stay its prosecution in view of Mr. Jackson's previous presence in the Eastern District of Pennsylvania, nor that a request to stay has been denied.

I can discern no basis to justify this Court's use of its writ authority to grant the remedy Ms. Hamlin and Ms. Mayo request. The extreme remedy of intervention by the Eastern District of Pennsylvania ia into the proceeding of another federal court is not required. I recommend that this Court decline to exercise its writ authority in this matter. *See Butera, Beausang, Cohen & Brennan, P.C.*, 2000 WL 1824171 *3 (E.D.Pa. December 11, 2000).

### B. Contempt of this Court's Orders

"To prove civil contempt the court must find that (1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." *John T. v. The Delaware County Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. January 30, 2003) (internal quotations omitted). "In order to justify a contempt remedy, the provisions of the order which were allegedly violated must be clear and all ambiguities must be resolved in favor of the alleged contemnor." *Synthes Spine Company, L.P. v. Walden, et al.*, 2006 WL 3053317 *11 (E.D.Pa. October 23, 2006). "To establish civil contempt, it is not necessary to establish that the noncomplying party acted willfully or in bad faith. . . .[T]he purpose is not to punish the contemnor but rather to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *Concerned Citizens of Bridesburg, et al. v. Philadelphia*, 1987 WL 6013 *3 (E.D.Pa. January 28, 1987).

9

The final Order entered by this Court in this matter reads:

> AND NOW, this 19th day of March, 2009, after review of the Report and Recommendation of Judge M. Faith Angell and the responses of the parties, it is hereby ORDERED that:
>
> 1. The December 16, 2008 Report and Recommendation of Magistrate Judge Angell (Docket No. 230) is APPROVED and ADOPTED IN PART.
>
> 2. Plaintiff's Objections (Docket No. 234) are OVERRULED.
>
> 3. The Rohm & Haas Defendants' Motion to Dismiss the Consolidated Amended Complaint (Docket No. 170) and the Liberty Life Defendants' Motion to Dismiss the Consolidated Amended Complaint (Docket No. 171) are GRANTED IN PART and DENIED IN PART:
>
>   a. Counts I - XV of the Consolidated Amended complaint (CAC) (Docket No. 168) are DISMISSED WITH PREJUDICE;
>
>   b. Counts XVII and XIX of the CAC are DISMISSED as to defendants Raj Gupta, Robert Lonergan, and Ellen Friedell;
>
>   c. Counts XX - XXV of the CAC are DISMISSED WITH PREJUDICE.
>
> 4. Plaintiff will be permitted to file a second consolidated amended complaint that pleads any of the remaining claims from the CAC that he elects to pursue; this amended complaint is to be filed by April 6, 2009.
>
> 5. On or before April 27, 2009, defendants are to file responses to this second CAC.
>
> 6. Pursuant to the court's Memorandum/Order of Sept. 12, 2007 (Docket No. 125), 28 U.S.C. §636©, and the Opinion and Order of this court dated March 19, 2009 denying plaintiff's motion to vacate the reference, this case remains assigned to Magistrate Judge M. Faith Angell.

Opinion and Order (Docket Entry No. 247). Rather than filing a second consolidated amended

complaint, Mr. Jackson chose to voluntarily dismiss the remaining counts in his first amended consolidated complaint. *See* Docket Entries No. 252, 253. The only specific conduct this Order required of Mr. Jackson was to file a second consolidated amended complaint, if he so chose. Rather than choosing to do that, he voluntarily dismissed the remaining claims. There has been no violation of this court's order for which Mr. Jackson can be held in contempt.

### III. CONCLUSION

For the reasons stated above, I recommend that the motion of Defendants Lori Hamlin and Nancy Mayo for an injunction and/or to hold Mark Jackson in contempt be denied.

BY THE COURT:

S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA
### Robert N. C. Nix, Sr. Federal Building, S/211
### 900 Market Street
### PHILADELPHIA, PENNSYLVANIA  19107

**Chambers of**
**M. FAITH ANGELL**                                                                 P:   (215) 597-6079
United States Magistrate Judge                                              F:   (215) 580-2165

*FAX / MAIL COVER SHEET*

**CASE NO:**   05-4988                                          **DISTRICT COURT JUDGE:** LP

**TODAY'S DATE**:   January 20, 2011                  **LAW CLERK'S INITIALS**:LFS


**VIA FAX;**

| **NAME:** | **FAX NUMBER:** |
|---|---|
| 1. Colleen Healy Simpson, Esq.<br>Eleanor Morris Illoway, Esq.<br>John G. Harkins, Jr., Esq.<br>Steven A. Reed, Esq. | ((215) 851-6710 |
| 2. Michael Miller, Esq.<br>Daniel B. Scott, Esq.<br>Grant E. Nichols, Esq.<br>Jason P. Gosselin, Esq. | (215) 988-2757 |

**VIA MAIL:**

**NAME AND ADDRESS:**

1. Mr. Mark Jackson
   104 West Shunk Street
   Box 16A
   Philadelphia, PA 19148